[Cite as *State v. Knox*, 2013-Ohio-1993.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99081**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LARRY D. KNOX

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565542

**BEFORE:** Stewart, A.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 306
Avon Lake, OH    44012


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Denise J. Salerno
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

**{¶1}** The court found defendant-appellant Larry Knox guilty of two counts of drug trafficking and two counts of drug possession. The two assignments of error raised on appeal challenge the weight of the evidence supporting both the trafficking and possession counts.

**{¶2}** The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986). The use of the word "manifest" means that the trier of fact's decision must be plainly or obviously contrary to all of the evidence. This is a difficult burden for an appellant to overcome because the resolution of factual issues resides with the trier of fact, *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus, and the trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). For this reason, it is only the "rare" case in which the trier of fact's verdict will be overturned as being against the manifest

weight of the evidence. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶3}** The evidence showed that police officers witnessed a truck, driven by Knox, fail to signal a turn. They pulled alongside Knox's truck, but before they could take any action, Knox "jumped" out and went to the back of the truck. When he did so, the officers noticed that the steering column of the truck had been peeled. After running a license check, they learned that Knox had an outstanding warrant. Knox was arrested and the contents of the truck were inventoried prior to it being towed. The officers found what they described as a small bag containing some dirty laundry and three, orange-colored, prescription pill bottles. The three pill bottles contained a total of four different drugs. As relevant here, there were 60 unit doses of Clonazepam (brand name "Klonopin") and 5.5 unit doses of Alprazolam (brand name "Xanax"), both schedule IV narcotics. The labels on the pill bottles were partially removed so the names of the patient and the drug could not be determined. The police also recovered a cell phone and $70 in cash from Knox. The truck was lawfully registered to Knox. Even though the pill bottles contained the names of the pharmacy and prescribing physicians, the police did not inquire into the name of the person or persons for whom these medications had been prescribed.

**{¶4}** Knox explained the peeled steering column by saying that he recently purchased the truck but did not have a key. He said that there were items in the truck

when he purchased it, that he did not own the bag, clothing, and pills. He surmised that the bag had been in the truck when he purchased it.

{¶5} Beginning with the drug possession counts, we find competent, credible evidence to support a guilty verdict. The court heard conflicting testimony on whether Knox owned the bag: the police said that Knox admitted that the bag, but not the pills, belonged to him; Knox testified that he owned neither the bag nor the pills. What likely convinced the court of Knox's guilt was a letter written by a friend of Knox in which the friend said that one of the bottles of pills found in the bag (Tramadol, a nonscheduled drug), belonged to him. With Knox admitting that the Tramadol pills found in the bag belonged to his friend, his testimony that he was unaware of the bag and the pills it contained was incredible. It would require the court to believe that at least two persons (the friend claimed to own only one of the three bottles) put pill containers in the bag without Knox even knowing that the bag existed.

{¶6} The weight of the evidence supporting the trafficking counts was far less credible. There was no direct evidence of trafficking. A vice unit detective testified that he considered Knox to be trafficking in drugs given the type of drugs found, their packaging, and Knox's possession of a cell phone and $70 in cash. Standing alone, none of these facts is sufficient to establish that Knox knowingly prepared the drugs for delivery or distribution.

{¶7} In fact, the evidence tended to show mere possession and no trafficking. That the pills were held in bulk inside pill bottles was unremarkable. Indeed, being

carried in bulk suggested that the pills were for Knox's personal use because they were not individually-packaged as would be expected if Knox were preparing them for delivery or distribution. Knox's possession of a cell phone and a small amount of cash is likewise innocuous — cell phones are ubiquitous and there was no evidence that Knox used the cell phone in any way to traffick the drugs. And the $70 in cash recovered from Knox is not such an unusual amount of cash that it was suggestive of his being a drug dealer.

{¶8} The vice detective thought it significant that the labels on the pill bottles had been torn off, but we fail to see how that fact is indicative of trafficking. Given Knox's illegal possession of the pills, it is entirely plausible that he obtained the pills illegally and then destroyed the labels to hide that fact.

{¶9} In conclusion, the evidence of possession was credible, but the evidence supporting the trafficking counts consisted of nothing more than a collection of several, nonincriminating facts that said nothing about Knox's intent to traffick pills recovered from inside his truck. The conviction for trafficking counts was manifestly against the weight of the evidence and Knox is entitled to a new trial on those counts.

{¶10} This cause is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.   Case remanded

to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR